IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 1:05-cr-10080-STA |
| ) | |
| TIMOTHY WAYNE BOHANNON, ) | |
| ) | |
| Defendant. ) | |

ORDER REQUIRING UPDATE ON EXHAUSTION OF ADMINISTATIVE REMEDIES

On December 15, 2022, Defendant filed a motion for compassionate release. (ECF No. 142.) The First Step Act gives a sentencing court discretion to "reduce the term of imprisonment" and replace "the unserved portion of the original term of imprisonment" with a term of supervised release. 18 U.S.C. § 3582(c)(1)(A). However, the Act permits courts to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.**" 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Exhaustion of all administrative remedies is mandatory. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

In this case, Defendant has not shown that he has satisfied the exhaustion requirement. He has presented a request to the Warden dated November 16, 2022, asking for a sentence reduction. (ECF No. 142-2.) However, he filed his present motion less than thirty days after the request was made. Rather than deny Defendant's motion and have him re-file it after the requisite time period,

the Court will allow Defendant to file a status report stating whether or not he received a response from the Warden, and, if so, the nature of that response.

    IT IS SO ORDERED.

                                      s/ S. Thomas Anderson
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: December 21, 2022